The United States District Court For The
Eastern District of Texas
Marshall Division

| | | |
|---|---|---|
| Lance Nelson | § | |
| | § | |
| vs. | § | C.A. No. |
| | § | |
| The Kansas City Southern Railway Company | § | Jury Trial Demanded |
| | § | |

## Complaint

To The Honorable Judge of Said Court:

  Comes Now Lance Nelson, complaining of The Kansas City Southern Railway Company (herein after referred to as "KCS") and for cause of action would show unto this Honorable Court as follows:

## Parties

  1. Plaintiff, Lance Nelson, is a railroad worker and a resident and citizen of the State of Mississippi.

  2. Defendant KCS is a Missouri corporation which resides in and is subject to personal jurisdiction in the Eastern District of Texas in that it has regular and systematic contact with this District.  Service of process may be had upon Defendant KCS by serving its registered agent. Service of process may be had upon Defendant KCS by serving Defendant KCS' registered agent: C. T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

  3. At all times mentioned in this complaint, Defendant KCS was a common carrier by railroad engaged in interstate commerce through and between the several states.  At all relevant times, Mr. Nelson was employed by Defendant KCS to further those activities.

**Venue and Jurisdiction**

4. Plaintiff's rights and remedies against Defendant KCS arise under the Federal Employers' Liability Act, 45 U.S.C.§51 *et seq.*, this court has jurisdiction in this case pursuant to Federal Employers' Liability Act, 45 U.S.C. §51, *et seq*. This court also has jurisdiction of this case pursuant to the terms of 28 U.S.C. 1331-1332.

5. Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b)(1-2) in that Defendant resides in the Eastern District of Texas and has regular and systematic contacts with this District and Division and in that this cause of action arose in the Eastern District of Texas.

**Count I: FELA Cause of Action**

6. On or about December 6, 2013, Mr. Nelson was working for Defendant KCS when he suffered injuries to his leg, shoulder, arm, and other parts of his body. At the time of his injury, Mr. Nelson was nominally employed by CW&W Contractors, Inc. ("CW&W"). However, Mr. Nelson was an employee of KCS under the terms of the FELA in that:

   a. Mr. Nelson was the borrowed servant of KCS at the time of his injury;

   b. Mr. Nelson was simultaneously acting for KCS and CW&W at the time of his injury; and/or

   c. Mr. Nelson was the servant of CW&W which was in turn a servant of KCS.

7. KCS contracted with CW&W to provide men to clear trees and vegetation which had fallen or were otherwise obstructing KCS' railroad tracks following an ice storm. When called to work, Mr. Nelson and his crew reported to KCS supervisor Tyler Jones. KCS supervisor Jones directed Mr. Nelson and his crew to follow him to the various locations that KCS supervisor Jones wanted cleared. KCS supervisor Jones stopped at a location where a tree was imperiling the KCS

railroad tracks and right-of-way. KCS supervisor Jones directed Mr. Jones to go from his vehicle, which was upon the railroad tracks, and to climb down the embankment to the base of tree. KCS supervisor Jones accompanied Mr. Nelson down the embankment while the rest of Mr. Nelson's crew remained upon the railroad tracks. KCS supervisor directed Mr. Nelson where to stand while cutting the tree, and where to move to once the tree was cut. Once cut, the tree fell on Mr. Nelson, causing his injuries. KCS supervisor Jones exercised a significant supervisory role over Mr. Nelson's work at the time of his injury.

8. At the time of Mr. Nelson's injury his work was directly related to KCS' interstate transportation activities, and was being performed for KCS' direct benefit. Specifically, KCS could not operate trains on the tracks at issue until the danger posed by fallen and damaged trees and vegetation was removed.

9. The injury to Plaintiff was due in whole or in part to the negligence of Defendant KCS, its agents, servants or employees acting in the course and scope of their employment. Defendant KCS had a duty to provide Plaintiff with a safe place to work. Defendant KCS breached this duty causing Plaintiff's injuries. Specifically, but without limitation, Defendant KCS failed to provide Plaintiff with a safe place to work; failed to provide reasonably safe tools, equipment and appurtenances; failed to warn; failed to establish and enforce proper safety procedures; failed to provide adequate manpower; failed to properly instruct, train and supervise; and failed to follow applicable rules, regulations, codes and industry standards.

## Damages

10. As a legal result of Defendant's negligence and wrongdoing, Mr. Nelson has suffered serious injuries and impairment to his body. These injuries have had a serious effect on Mr. Nelson's

3

health and well being.

11. Because of the nature and consequences of his injuries, Mr. Nelson has suffered physical and mental pain, suffering and anguish in the past, and will continue to do so in the future.

12. At the time of the incident complained of, Mr. Nelson was gainfully employed. Mr. Nelson has lost wages and benefits in the past and will have a loss of future earning capacity.

13. As a further result thereof, Mr. Nelson has incurred expenses for medical care and attention, such as physicians' fees, medical supplies, appliances, medicine, hospitalization and nursing service in the past and future. These expenses were incurred for necessary care and treatment of the injuries resulting from the incidents complained of above. The charges for the said expenses were reasonable and they were the customary charges made for such services in the area in which they were rendered.

14. As a further result of the injuries sustained by Mr. Nelson, he will, within reasonable medical probability, incur future expenses for his medical care and attention.

15. As a result of the incidents complained of herein, Mr. Nelson has suffered in the past and, within reasonable medical probability, will continue to suffer in the future from physical impairment and disfigurement past and future.

### **Prayer**

WHEREFORE, PREMISES CONSIDERED, Mr. Nelson requests that Defendant be summoned to appear and answer, and that upon final trial, judgment be rendered against Defendant, in excess of SEVENTY-FIVE THOUSAND AND NO/100THS DOLLARS ($75,000.00), exclusive of interest and costs, prejudgement interest, plus post-judgment interest at the legal rate from Defendant, and for all costs of court. Mr. Nelson would further pray for any such other relief, both

at law and in equity, to which he may show himself justly entitled.

**PLAINTIFF DEMANDS A JURY TRIAL**

Respectfully submitted,

/s/ Bristol Baxley
Jerry Easley, Tex. Bar No. 24050021
Bristol Baxley, Tex. Bar No. 00787049
Rome, Arata & Baxley, L.L.C.
9307 Broadway, Ste. 309
Pearland, Texas 77584
Ph.: 281-993-0000
Fax: 281-993-0035

ATTORNEYS FOR PLAINTIFF